### CHARLES McDONALD v. GEORGE McDONALD.

*Explanation of bill of particulars—Election of remedies.*

1. A plaintiff in replevin was suing the same defendant in assumpsit, and by mistake treated the value of the property replevied as an item of set-off. *Held,* that in the replevin case he would be properly allowed to show that this was a mistake; and the action in assumpsit would not therefore preclude that in replevin.

2. Defendant in replevin claimed to have bought the disputed property, and gave evidence tending to show that plaintiff had admitted his ownership to a third person. Plaintiff claimed to have lent the property to defendant, and denied selling it. *Held* proper to instruct the jury to consider the statements as to ownership, and *the denial of the same,* and to determine the ownership from all the testimony,

Error to Isabella.    (Hart, J.)    Oct. 9.—Oct. 22.

REPLEVIN.    Defendant brings error.    Affirmed.

*Dodds Bros.* and *Charles T. & F. Russell* for appellant.

*Graves & Russell* for appellee.

SHERWOOD, J.    This case is an action of replevin for a horse.    The plaintiff claims to be the owner of the horse, and that he lent him to the defendant.    The defendant claims in like manner to be the owner, and says he bought the horse, with other property, of the plaintiff.    The question of ownership was submitted to the jury, and they found for the plaintiff.    The verdict was general, and the judgment must stand unless the court erred to the prejudice of the defendant in his rulings upon the trial.    An inspection of the record has failed to convince us that any such error was committed.

Eight errors are assigned.    The first is without force.    The defendant insists that upon the testimony the verdict should have been for the defendant.    The evidence was conflicting and the case at the close of the trial was one beyond question for the jury.

Plaintiff was plaintiff in another suit between the parties, wherein his attorneys had, by mistake in filing a bill of particulars, included as an item the value of the horse replevied as set-off.    On rebuttal, the plaintiff was permitted to show this error.    This is the defendant's second assignment of error.    The ruling was entirely proper.    The explanation removed the effect sought to be given to this piece of evidence.

It appears from the testimony that the horse in question, while defendant had him, was stolen, and when the parties were in pursuit of him the plaintiff introduced the defendant to the deputy sheriff of Montcalm county as the owner of the horse.    The defendant's counsel asked that the court instruct the jury that they might take into consideration the statement of plaintiff in introducing the defendant as an admission of ownership—that the statement should be con-

sidered as an admission that the horse was defendant's; and that the statement was not denied by plaintiff.

The court charged the jury that the credibility of the testimony was for them to determine; that in determining the question which of the parties was the owner of the horse, they should consider all the testimony in the case, and allow full weight to that which they believed to be true, and be governed in their decision by the preponderance of the evidence. This charge covers the whole ground correctly, and disposes of the errors assigned upon defendant's first, second and third requests to charge.

The testimony upon which defendant's fourth request was based, as already stated, was fully explained by the plaintiff; and the action taken by his attorneys, under the circumstances, in the other case, was not an election to proceed in assumpsit for his claim, and the request was properly refused. We do not think the question made in defendant's fifth request arises upon the testimony in this case, and the request was properly refused. The record shows the defendant claims the ownership of the horse through a purchase from the plaintiff, and the latter testified to his ownership of the horse, and that he never sold him, but lent him to the defendant. This is a denial of the defendant's ownership, and shows the defendant's exception to the charge of the court, contained in the last assignment of error, not well taken.[1]

The charge of the court was unexceptionable, and the judgment must be affirmed.

The other Justices concurred.

---

[1] This assignment of error was based upon the judge's suggestion of a denial, in charging the jury that they must consider the statements made as to who the owner was, and the denial of the same.